UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANE HANSEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTH AMERICAN VAN LINES, INC., | ) Case No.: 4:05CV802 HEA |
| | ) |
| Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| SHARON COGGINS, | ) |
| | ) |
| Third-Party Defendant. | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant North American Van Lines' ("NAVL") Motion to Remand [#23]. Third-party defendant, Sharon Coggins, has filed a response to this motion.

Plaintiff Diane Hansel originally brought this action in the Circuit Court of the City of St. Louis, Missouri for injuries she sustained in an automobile accident that occurred on Interstate 44 in Franklin County, Missouri. Hansel was a passenger in third-party defendant Sharon Coggins' vehicle. The accident involved vehicles being

operated by Sharon Coggins and by Thomas Hockett.[1]

On May 19, 2005, Defendant NAVL properly removed the matter to this Court pursuant to diversity jurisdiction. NAVL filed a third-party complaint against Coggins, and Coggins filed a counterclaim against NAVL for injuries she allegedly sustained in the accident.

On June 26, 2006, NAVL notified the Court that a settlement had been reached with regard to the claims of Diane Hansel. According to defendant's Motion to Remand, the only claim remaining is the claim of Coggins against NAVL for her personal injuries.

Defendant NAVL now moves for remand to the Circuit Court of Franklin County, Missouri, because Coggins' medical bills amount to less than $1,900, is not presently receiving medical treatment, and has no complaints related to the accident except for stress. NAVL reasonably believes the amount in controversy will not exceed the jurisdictional limit of $75,000.00, exclusive of interest and costs. NAVL does not explain to the Court its position that the matter should be remanded to the "Circuit Court of Franklin County, Missouri," as the matter was originally filed in the Circuit Court of the City of St. Louis, Missouri and was in fact removed from that court.

---

[1]Mr. Hocket was the owner of a tractor he was operating at the time of the accident and the vehicle was leased to North American Van Lines. Hocket is not a party to this action.

Coggins agrees that the matter should be remanded to the State Court, however, she urges remand to the Circuit Court for the City of St. Louis, Missouri, based on the relationship of that court to the events giving rise to this matter.

The Court agrees that this matter should be remanded to the Circuit Court for the City of St. Louis, Missouri but for a more fundamental reason. Pursuant to 28 U.S.C. § 1447, in remanding cases, the cases are remanded to the court from which it was removed. See 28 U.S.C. § 1447(d). This case was removed from the Circuit Court for the City of St. Louis and should therefore be remanded to that court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant North American Van Lines' Motion to Remand [Doc. No.23] is granted, as provided herein.

**IT IS FURTHER ORDERED** that the July 26, 2006 trial setting in this cause of action is vacated.

**IT IS FURTHER ORDERED** that this cause of action is remanded to the Circuit Court of the City of St. Louis, Missouri.

Dated this 11th day of July, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE